UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RUFINA CEPEDA,

                        Plaintiff,

      -against-

UNITED STATES POSTAL SERVICE, PO WONG,
JAY WU,

                      Defendants.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
18-CV-00174 (JMA) (GRB)

FILED
CLERK
1/23/2018 4:35 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**JOAN M. AZRACK, District Judge:**

On January 10, 2018, *pro se* plaintiff Rufina Cepeda filed a complaint on the Court's employment discrimination complaint form against the United States Postal Service ("USPS"), Po Wong ("Wong"), and Jay Wu ("Wu") (collectively, "Defendants") pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"), the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117 ("ADA"), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Accompanying the complaint is an application to proceed *in forma pauperis* and an application for the appointment of *pro bono* counsel to represent plaintiff in this case. (See ECF Nos. 2-3.)

Upon review of the plaintiff's application to proceed *in forma pauperis* and its accompanying declaration, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed *in forma pauperis* is granted. However, because none of the statutes upon which plaintiff bases her claims provide for individual liability, plaintiff's claims against Wong and Wu are hereby dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). See Raspardo v. Carlone, 770 F.3d 97, 113 (2d Cir. 2014) (Title

1

VII); Spiegel v. Schulmann, 604 F.3d 72, 79-80 (2d Cir. 2010) (ADA); Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) (ADA and Rehabilitation Act); see also Cohn v. KeySpan Corp., 713 F. Supp. 2d 143, 154 (E.D.N.Y. 2010) ("Individuals may not be sued in their individual or personal capacity under the ADA or Rehabilitation Act.").

Pursuant to 28 U.S.C. §1915(e)(1), courts may appoint an attorney to represent someone who is unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). The Second Circuit also held that these factors are not restrictive, and that "[e]ach case must be decided on its own facts." Id. at 61. A developed record assists the court in this regard. See Brooks v. State of New York, 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on failure to satisfy requisite showing of likely merit).

The Court has reviewed plaintiff's application together with the complaint and finds that the appointment of counsel is not warranted at this stage of the litigation. Even assuming that the threshold requirement of Hodge is satisfied, the Court is unable, at this juncture, to conclude—

2

after considering the Hodge factors in the context of plaintiff's application and complaint—that the appointment of counsel is warranted. Specifically, despite the concerns raised in plaintiff's motion, the Court concludes that plaintiff is able at this stage of the litigation to prosecute her case and that there is no special reason to appoint counsel.

Accordingly, plaintiff's application for appointment of counsel is denied without prejudice to plaintiff renewing the application at the conclusion of discovery, if circumstances warrant such an application. This denial also is without prejudice to plaintiff's hiring her own counsel to represent her in this matter.

IT IS HEREBY ORDERED that plaintiff is granted leave to file the complaint without prepayment of the filing fee or security therefor; and

IT IS FURTHER ORDERED that plaintiff's application for the appointment of *pro bono* counsel is denied; and

IT IS FURTHER ORDERED that the Clerk of Court must forward to the United States Marshal Service for the Eastern District of New York copies of plaintiff's summons, complaint and this Order for service upon defendant USPS without prepayment of fees; and the Clerk of Court must mail a copy of this Order to the plaintiff.

**SO ORDERED.**

Dated: January 23, 2018 /s/(JMA)
Central Islip, New York Joan M. Azrack
United States District Judge